IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JESSIE LEE SATTERWHITE ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| v. ) | |
| ) | 3:06-CV-219-MTH-CSC |
| MATTHEW GAGNE ) | |
| ) | |
| Defendant(s). ) | |
| ) | |
| ) | |

## ANSWER AND SPECIAL REPORT

COMES NOW the Defendant, **Matthew Gagne**, by and through undersigned counsel, and in accordance with this Honorable Court's April 21, 2006 Order, offer the following written report.

## PARTIES

1. The Plaintiff, Jessie Lee Satterwhite, is currently an inmate, and formerly a parolee under the supervision of the Alabama Board of Pardons and Paroles, and specifically under the supervision of the Defendant.

2. Defendant Matthew W. Gagne, is a parole officer employed by the Alabama Board of Pardons and Paroles.

## DEFENDANT'S DISCLOSURES

Other than the named defendant the following individuals have some personal knowledge of the facts relevant to the claims:

1. Francis Smith, RN with Chambers County Sheriff's Office.

2. Demetrius Dowdell, no longer employed by the Alabama Board of Pardons and Paroles.

## EXHIBIT

EXHIBIT 1 – Affidavit of Matthew W. Gagne, Defendant

EXHIBIT 2 – Affidavit of Pamala M. Hadaway.

EXHIBIT 3 – Affidavit of Pamela M. Hadaway (with documents)

## PLAINTIFF'S CLAIMS

The Plaintiff, Jessie Lee Satterwhite, claims that the Defendant, Matthew W. Gagne assaulted, and illegally & falsely arrested the Plaintiff, causing him to suffer cruel and unusual punishment due to the Defendant "mistaken (sic) plaintiff for another individual (named) Jesse Zachary", in violation of his constitutional rights. Compl. P2. In other words, it appears that the Plaintiff claims that the Defendant Gagne, his parole officer, illegally detained him by mistake and caused him to suffer cruel and unusual punishment by injuring him while he was detained.

The Plaintiff seeks monetary damages, punitive damages, and damages for mental anguish. Compl. P3.

According to the Plaintiff, he has a pending suit based upon the same allegations in Circuit Court in Chambers County, Alabama, and would like for the court to take jurisdiction over his State law claims. Compl. P2.

## DEFENDANTS' RESPONSE AND DEFENSES

1. The Defendant denies each and every material allegation not specifically admitted herein and demands strict proof thereof.

2. The Defendant is immune from suit by qualified immunity.

3.       The Defendant denies he violated Plaintiff's constitutional rights.

4.       The Plaintiff has failed to state a claim upon which relief can be granted.

5.       The Defendant is immune from suit under the Eleventh Amendment to the United States Constitution.

6.       The Plaintiff makes no specific allegations against the Defendant Gagne.

7.       The Plaintiff currently has a pending suit in the Circuit Court of Chambers County Alabama based upon the same facts and circumstances.

## STATEMENT OF FACTS

The Plaintiff was a parolee under the supervision of the Alabama Board of Pardons and Paroles, and under the supervision of the Defendant Gagne. Exhibit 1, p1 & Exhibit 3. On August 10, 2004 when the Defendant Gagne returned to his office after being out, Pam Hadaway told Defendant Gagne that "Jessie was in the waiting room." Exhibit 1, p1 & Exhibit 2. Defendant Gagne had an active felony warrant for a Jessie Zackary, black male, 5'9'' and 150 lbs. Exhibit 1, p1. Defendant Gagne called the Plaintiff into his office and told him to place his hands on the wall. Exhibit 1, p1 & Exhibit 2. Defendant Gagne placed the Plaintiff's left hand in a handcuff. Exhibit 1, p1. Defendant Gagne took the Plaintiff's right hand and rotated it down and back and placed it into a handcuff. Exhibit 1, p1. The Plaintiff took approximately two steps and sat down in a chair in front of the Defendant Gagne. Exhibit 1, p1. Defendant Gagne opened the "Zachary" file and realized that he had mistakenly handcuffed Jessie Satterwhite, the Plaintiff, black male, 5'10'' and 160 lbs, instead of Mr. Zachary. Exhibit 1, p1. At the same time, Ms. Hadaway told the Defendant Gagne that he had mistaken the identity of the Plaintiff. Exhibit 1, p1 & Exhibit 2. Defendant Gagne immediately

removed the handcuffs.  Exhibit 1, p1 & Exhibit 2.  The Plaintiff was not in handcuffs for more than 2 or 3 minutes.  Exhibit 1, p1.  No struggle ensued nor injury occurred.  Exhibit 1, p1 & Exhibit 2.  When the Plaintiff left Defendant Gagne's office he showed no signs of injuries, and apparently went to work as a laborer for a local attorney, doing yard work and picking up bricks.  Exhibit 1, p1 & *See* Exhibit 2.

The 2 to 3 minute detention was due to the mistake of the identity of two of Defendant Gagne's parolees.  *See* Exhibit 1, *See* Exhibit 2 & *See* Compl.

The Plaintiff returned over a week later and stated that he had hurt his right arm when he was handcuffed.  Exhibit 1, p1.  He stated that he was continuing doing work as a laborer doing yard work and picking up bricks.  Exhibit 1, p1.  The Plaintiff exhibited no injuries and did not show any discomfort.  Exhibit 1, p1.

On October 12, 2004 the Plaintiff reported to the Defendant Mr. Gagne that he fell off of a porch and injured his ribs.  Exhibit 1, p2.

On November 13, 2006, at a Parole hearing, the Plaintiff produced a bill and gave it to the hearing officer for treatment received on November 6, 2004 from Lanier Hospital. Exhibit 1, p2.  During the hearing, the Plaintiff told the hearing officer that he had maintained employment since the "handcuffing incident."  Exhibit 1, p2.

According to the Plaintiff, he has a pending suit on the same allegations in Circuit Court in Chambers County, Alabama.  Compl. P2.

# ARGUMENT

1. ***Defendant Gagne was acting lawfully and did not assault the Plaintiff.***

Defendant Gagne was operating pursuant to State law when he detained the Plaintiff. The Alabama Code provides:

> Any parole officer or any peace officer to whom such warrant shall be delivered is authorized and *required* to execute such warrant by taking such prisoner and returning him to the prison designated by the Department of Corrections. (Emphasis Added). Ala. Code § 15-22-31(c), (1975).

The Plaintiff complains that he was falsely arrested when Defendant Gagne mistakenly thought that the Plaintiff, a parolee, was another parolee for whom Defendant Gagne had a lawful warrant to retake. Exhibit 1, p1 & *See* Compl. P2. Defendant Gagne was required under § 15-22-31(c) to retake Jessie Zachary. When Defendant Gagne was told that "Jessie" was in his office, he mistook the Plaintiff for Jessie Zachary and placed handcuffs onto the Plaintiff. Exhibit 1, p1 & *See* Exhibit 2. The Plaintiff states in his own complaint that Defendant Gagne "mistakenly" thought that he was Jessie Zachary. Compl. P2. Defendant Gagne was operating under appropriate legal authority under the laws in the State of Alabama to execute a warrant on Jessie Zachary.

The arrest of a parolee is not the same as an arrest of a peace officer arresting a private individual for a crime. A parolee is subject to conditions of parole, including, making himself available for searches. Exhibit 3 (*See* Condition #5). The Plaintiff was a parolee under the supervision and subject to the instruction of his parole officer, Defendant Gagne. Exhibit 1, p1 & Exhibit 3. Regardless of the lawful warrant for Jessie Zachary, Defendant Gagne, as the Plaintiff's parole officer had a clear right to detain and question the parolee Plaintiff under the Plaintiff's conditions of parole. Exhibit 3.

Even assuming for argument that the Plaintiff was a private individual being arrested for a suspected crime, the Plaintiff is not entitled to the relief requested. "If an arrest is made pursuant to a warrant issued by a lawfully authorized person, neither the arrest nor the subsequent imprisonment is "false," and as a consequence, the complaining party's action must be one for malicious prosecution." Blake v. Barton Williams, Inc. 361 So.2d 376 (Ala.Civ.App.1978)(*citing* Prosser Law of Torts at 47 and 835 (4th ed. 1971). Defendant Gagne had a valid arrest warrant. Exhibit 1, p1. The Plaintiff was detained by his parole officer for two or three minutes until Defendant Gagne noticed that the valid warrant was not for the Plaintiff. See Exhibit 1, p1. Then Defendant Gagne released the Plaintiff. Exhibit 1, p1 & Exhibit 2.

In order to establish malicious prosecution, the Plaintiff must prove:

"(1) that a judicial proceeding was initiated by [the present defendant] against [the present plaintiff], (2) that the judicial proceeding was instituted without probable cause, (3) that the proceedings were instituted by [the present defendant] maliciously, (4) that the judicial proceeding had been terminated in favor or the [present plaintiff], and (5) that [the present plaintiff] suffered damage as a proximate cause of the judicial proceeding. Smith v. Wendy's of the South, Inc. 503 So2d 843, 844 (Ala.1987)." Eidson v. Olin Corp., 527 So.2d 1283, 1284 (Ala.1988).

Montgomery v. City of Montgomery, 732 So.2d 305, 308-9 (Ala. Civ.App.1999)(The Montgomery Court found that Montgomery Police Officers had probable cause to arrest the plaintiff in a case of mistaken identity).

Malicious prosecution is an action disfavored in the law. Cutts v. American United Life Insurance Co., 505 So.2d 1211, 1214 (Ala.1987)(*citing* Evans v. Alabama Professional Health Consultants, Inc., 474 So.2d 86 (Ala.1985); Jordan v. Empiregas, Inc. of Belle Mina, 337 So.2d 732 (Ala.1976); Boothby Realty Co. v. Haygood, 269 Ala.

549, 114 So.2d 555 (1959); Daniel v. Goodyear Tire & Rubber Co., 225 Ala. 446, 143 So.2d 449 (1932).

In a malicious prosecution case, brought by a private individual, a plaintiff has a strict burden of proving that there was a complete absence of probable cause for the defendant to bring the underlying proceeding. Ford New Holland, Inc. v. Beaty, 602 So.2d 1198, 1202 (Ala.1992). Therefore in the instant case, even if he was a private individual being arrested for a suspected crime, the Plaintiff has the burden to show a complete absence of probable cause for the detention. Again, even if the Plaintiff was a private citizen, he has not met that burden. Probable cause is defined as "'[a] reasonable ground for suspicion supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense charged.'" Parisian Co v. Williams, 203 Ala. 378, 383 So. 122, 127 (1919)(*quoting* Gulsby v. L. & N.R.R.Co., 52 So. 392, 395 (Ala.1910). Defendant Gagne mistook the Plaintiff for another parolee. Exhibit 1, p1 & Compl. P2. Defendant Gagne believed that he had a valid arrest warrant for the Plaintiff and detained him momentarily. Exhibit 1, p1 & *See* Exhibit 2. Under the circumstances and facts available to Defendant Gagne at the time, he had a legal right to detain the Plaintiff. Furthermore, the Plaintiff suffered no injury. Exhibit 1, p. 2.

2.     *Defendant Gagne Did Not Act "Maliciously or Sadistically to Cause Harm."*

The Plaintiff makes a vague claim of excessive force which is governed by the Eighth Amendment's proscription of cruel and unusual punishment. Campbell v. Sikes, 169 F.3d 1353, 1374 (11th Cir. 1999). To establish an Eighth Amendment claim of excessive force, the plaintiff must prove that "'force was applied … maliciously and

7

sadistically for the very purpose of causing harm.'" Id*.*, *quoting* Whitley v. Albers, 475 U.S. 312, 320-21, 106 S.Ct. 1078, 89 L.E.2d 251 (1986).  The "core judicial inquiry" in such a claim is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  Hudson v. McMillian, 503 U.S. 1, 7, 112 S.Ct. 995, 999 (1992).  To determine whether force was used "maliciously and sadistically for the very purpose of causing harm" there are five factors to review: (1) "the extent of the injury"; (2) "the need for application of force"; (3) "the relationship between that need and the amount of force used"; (4) "any efforts made to temper the severity of a forceful response"; and (5) "the extent of the threat to the safety of the staff and inmates, as reasonably perceived by the responsible officials on the basis of facts known to them."  Campbell, 169 F. 3d at 1375 (*citing* Whitley, 475 U.S. at 321, 106 S.Ct. at 1079); Hudson, 503 U.S. at 7, 112 S.Ct. at 999.

In applying these factors to the instant case, it is clear that the Plaintiff has not shown a viable claim of excessive force.  The Plaintiff was under Defendant Gagne's supervision and subject to conditions of parole.  Exhibit 3.  First, there was no struggle whatsoever.  Exhibit 1, p1 & Exhibit 2.  Defendant Gagne merely took the Plaintiff's hands and placed them into handcuffs and sat him down for two or three minutes.  *See* Exhibit 1, p1.  Defendant Gagne had a clear right to detain his parolee, and as soon as he noticed he had the wrong "Jessie" he uncuffed the Plaintiff.  *See* Exhibit 1, p1 & *See* Exhibit 2.

As the Supreme Court has stated, every "malevolent touch" by a prison officer does not give rise to a federal cause of action.  Hudson, 503 U.S. at 9, 112 S.Ct. at 1000.  *De minimis* uses of physical force, provided they are not "repugnant to the conscience of

mankind" are not protected by the Eighth Amendment. <u>Hudson</u>, 503 U.S. at 9-10, 112 S.Ct. at 1000. The Plaintiff suffered no injury when he was handcuffed. *See* <u>Exhibit</u> 1, p1 & <u>Exhibit</u> 2. Because the Plaintiff has not shown an injury that would support a claim of excessive force, Defendant Gagne is entitled to a summary judgment.

3.   *The Defendant is immune from suit.*

This case should also be dismissed because Defendant Gagne is immune from suit. The Eleventh Amendment to the United States Constitution provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." The Amendment therefore not only bars suits against a state by citizens of another state, but also bars suits against a state by that state's own citizenry. *See* <u>Edelman v. Jordan</u>, 415 U.S. 651, 663, 94 S. Ct. 1347, 1355 (1974) and <u>Hans v. Louisiana</u>, 134 U.S. 1, 13-15, 10 S. Ct. 504, 33 L.Ed. 842 (1890). The Eleventh Amendment also prohibits suit against state officials and employees where the state is the real, substantial party in interest. *See* <u>Pennhurst State School & Hospital v. Halderman</u>, 465 U.S. 89, 101-02, 104 S. Ct. 900, 908-09, 79 L.Ed.2d 67 (1984). "For example, if a lawsuit seeks to order the state officer to pay funds directly from the state treasury for the wrongful acts of the state, then the state is the real party in interest and the Eleventh Amendment bars the suit." <u>Summit Medical Associates, P.C. v. Pryor</u>, 180 F.3d 1326, 1336 (11th Cir. 1999). This suit is in reality a suit against the State; thus, the Defendant should be dismissed based on immunity.

In addition, Defendant Gagne is protected by qualified immunity. As stated by the Eleventh Circuit, "[q]ualified immunity protects government officials from civil trials

and liability when their conduct in performing discretionary functions 'violates no clearly established statutory or constitutional rights of which a reasonable person would have known.'" Wilson v. Blankenship, 163 F.3d 1284, 1288 (11th Cir. 1998) (*quoting* Lassiter v. Alabama A & M Univ. Bd. of Trustees, 28 F.3d 1146, 1149 (11th Cir. 1994) (en banc)). *Wilson, supra* (holding that the marshal, wardens, and corrections officer were protected by qualified immunity); *see also* Pinkney v. Davis, 952 F. Supp. 1561 (M.D. Ala. 1997) (holding that wardens, deputy warden, and other prison officials were entitled to qualified immunity). The Eleventh Circuit has held that "[p]rison officials have 'wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.'" Wilson, 163 F.3d at 1295, *quoting* Bell v. Wolfish, 441 U.S. 520, 547, 99 S.Ct. 1861, 1878 (1979). Defendant Gagne has not violated the Plaintiff's clearly established rights; thus, he is entitled to qualified immunity.

## CONCLUSION

There are no genuine issues of material fact, and the Defendant is entitled to judgment as a matter of law. WHEREFORE, the Defendant respectfully requests that this Honorable Court dismiss the claims against them.

    Respectfully submitted,

    TROY KING
    Attorney General

    Cheairs M. Porter
    Cheairs M. Porter
    Assistant Attorney General

ADDRESS OF COUNSEL:

Office of the Attorney General
11 South Union Street
Montgomery, AL 36130
(334) 242-7300

## CERTIFICATE OF SERVICE

I hereby certify that I have, this the 8th day of June, 2006, served a copy of the foregoing upon the Plaintiff by placing same in the United States Mail, postage prepaid and properly addressed as follows:

Jessie Lee Satterwhite #131288
Davis Correctional Facility
Fountain 4000
Atmore, AL 36503-4000

                                              /s/ Cheairs M. Porter
                                              Cheairs M. Porter
                                              Assistant Attorney General