Date: 04/05/2006

From: Matthew W. Gagne

To: Honorable Cheairs M. Porter

Subject: Jessie Lee Satterwhite Vs. Gagne (3:06-cv-219-MHT)

Jessie Satterwhite was a parolee under my supervision. On 5/24/2004 Mr. Satterwhite came to the LaFayette Parole Office and advised that he had just left the doctors office and was to keep his blood pressure monitored and could return to work the next day.

On 06/03/2004 Mr. Satterwhite reported to the parole office and advised that he would pay his supervision fees in 30 days. He last paid on his fees in April 2004 for fees owed for November and December 2001.

On 7/7/2004 Mr. Satterwhite came to the office and showed a note that he could start to work on 7/12/2004. On that date he paid supervision fees for May, June and July 2004. He was also given a random drug screen per department directives and tested positive for use of cocaine. He was ordered to contact the Court Referral Officer for drug treatment.

On 08/04/2004 Mr. Satterwhite was ordered to report weekly on Tuesdays at 9:00 am due to his parole violations.

On 08/10/2004 I was in Chambers County Circuit Court for revocation hearings at 9:00 am. After the hearings I returned to my office and went directly into my office. As I was removing my jacket my assistant Ms. Pam Hadaway called me and stated that Jessie was in the waiting room. I had an active felony warrant for a Jessie Zackery, black male, 5'9'', 150 lbs. I called Jessie into the office which is in view of Ms. Hadaway. I told Jessie to put his hands on the wall. Jessie complied and I placed his left hand in a handcuff. Jessie turned his head toward me and I verbally advised him not to turn around. I then took his right hand and rotated it down and back and placed the right hand cuff on him. Jessie then took approximately two steps and set down in a chair in front of my desk. He asked me what was going on and I told him I would explain it to him. I went around my desk. The Zackery file was on my desk. I opened it and saw that I had Jessie Satterwhite, black male, 5"10', 160 lbs., instead of Jessie Zackery. At the same time Ms. Hadaway told me it was Jessie Satterwhite not Jessie Zackery. I immediately took the handcuffs off Mr. Satterwhite and advised him of the mistake in identity. The only statement made by Mr. Satterwhite was that he had high blood pressure and I had scared him. Mr. Satterwhite was counseled on use of illegal substances and reporting on time. He then left the office. There was no struggle nor injury and no force used against Mr. Satterwhite. He left the office and never showed nor indicated any injuries and went to work as a laborer with a local attorney. He was doing yard work and picking up bricks from a burned down house.

Mr. Satterwhite returned over a week later and stated that he had hurt his right arm when he was handcuffed. I advised him that I did not hurt him and if he wished to file a complaint I would give him my supervisor's telephone number. He stated "it wasn't like that"., he also stated that he was continuing work as a laborer doing yard work and picking up the bricks from the burned down residence. Even at this time he showed no injuries nor exhibited any discomfort.

Mr. Satterwhite failed to report in September 2004. A letter was sent to him ordering him to report. It met with negative results. On 09/15/2004 I contacted him by telephone and told him to report on Monday.

On 09/23/04 a home visit was conducted and he was not at home.

On 09/24/2004 Mr. Satterwhite reported and was given a drug screen per department policy and again tested positive for cocaine. He was counseled and ordered to the addiction center for assessment and treatment. He was advised that any future violations would result in a warrant for his arrest as a parole violator.

On 10/12/2004 Mr. Satterwhite reported to the parole office and gave a voluntary admission that he had used cocaine. He was told to stop using and make his appointment for October 20th 2004 with the Court Referral Officer. He also advised this officer that he had fallen off his porch and injured his ribs.

On 11/19/2004 this officer received a form from Doctor Terry Vester, Vester Health Center, 140 1st Street S.E., LaFayette, AL, dated 11/17/2004 showing that Mr. Satterwhite is able to work but should avoid heavy lifting for one week.

On 11/30/2004 an authorization of arrest as a parole violator was issued on Mr. Satterwhite charging him with failure to report, failure to attend drug treatment, Use of Cocaine, failure to pay court ordered monies and failure to pay supervision fees.

On 12/21/2004 Investigator Mike Ellis, LaFayette Police Department, arrested Mr. Satterwhite on the warrant. He was placed in the Chambers County Jail without bond.

On 01/13/2005 a Parole Court hearing was held and Mr. Satterwhite pled guilty to all charges. On that date he produced a bill and gave it to the hearing officer for treatment received on 11/06/2004 from Lanier Hospital, Valley, AL. Mr. Satterwhite also told the hearing officer that he had maintained employment since the handcuffing incident.

After being placed in the Chambers County Jail Mr. Satterwhite was placed on trusty status and worked every day on the clean up crew at the Chambers County Courthouse doing mopping, sweeping and buffing.

At no time did I injure Mr. Satterwhite nor use any force against him other than to place him in handcuffs for duration of 2 or 3 minutes. Probation Officer Demetrius Dowdell, who is no longer employed by the Board of Pardons and Paroles, also witnesses this incident; however, a statement from him was not available at the writing of this statement.


Signed this the 5th day of April 2006.

Matthew W. Gagne