In the United States District Court
for the middle District of Alabama
Eastern Division

RECEIVED

2006 JUL 28  A 9: 33

DEBRA P. HACKETT, CLK.
U.S DISTRICT COURT
MIDDLE DISTRICT ALA

Mr. Jessie Lee Satterwhite Pro-se
        Plaintiff (s)

            VS.

Mr. matthew W. Gagne et.'al:
        Defendant (s).

Case Number
3:06-CV 219-MTH-CSC

## Response To the Defendants
## Special . . . . . Reports

comes now, Plaintiff Jessie L. Satterwhite. through Pro-se,
and Pursuant to the magistrat's order On July 25 of 2006.
hereby submits the following: Affidavit and Facts. concerning
his allegations alleges in his complaint against the Defendant
Gagne's.

## Introduction

On about August 8 of 2004. the Plaintiff's filed a civil complaint
in the circuit court of chamber county Alabama. Pursuant to
code of Alabama 1975, section 6-2-34. Tort action at law. to
redress alleged Violation of rights. Privileges and immunities.
Guaranteed to the Plaintiff (s) by the United States constitution
and the constitutions of Alabama. 1901. Article 1 section 5. a
direct Violation of Plaintiff's civil rights. Amendment 4, 5, 8, and
the 14th Amendment, which Guarantees the Plaintiff relief
requested. in the Defendant official and individual Capacity.

## Parties

At all time mention in this complaint, the Plaintiff was A citizen of Alabama, and A inmate at liberty Parolee from the Department of corrections. alleges that the Defendant did violated his constitution rights, privileges and immunities, Guaranteed to the Plaintiff by the united States constitution, and the constitution of Alabama 1901. Articles 1 section 5. Amendment 4, 5, 8, and the 14, amend. rights.

At all time mention in this complaint, Defendant matthew Gagne, was employed with Alabama Board of Paroles of montgomery Alabama, and did in his official and individual capacity violated the rights secured to the Plaintiff, by the united States constitution, and the constitutions of Alabama, Articles 1 section 5.

### General Allegation

The Purpose of this opposition the Plaintiff dispute each and every defense raised by the defendant. The Plaintiff alleged in his complaint that the defendant violated his constitution Rights, by using excessive force restrain him due to A illegal falsely arrested, and detained by the Defendant while the . . . . assault and Kidnap occured. due to mistaken Plaintiff for another Parolee named Jessie Zachery. a Black male   5"9 and 150 lbs. see Exhibit (1) affidavit of the Defendant and affidavit of Pamela Hadaway Exhibit (2) also report of Parole violation hearing conduct by the hearing officer Jerry Page, condition number 9.

## Statement of facts

1  I am the Plaintiff's Jessie Lee Satterwhite Pro-se. and response to the Defendent special Report. and supporting materials facts. which set forth specific facts that demonstrating there is a Genuine issues of material facts for trial in this action.

2  The Plaintiff submite the following facts drawn from his Affidavit and complaint. and Parole Violation reports. (dated november 30 of 2004). see Exhibit number (2) report of Parole violation. Exhibits from notice of Parol court hearing, by the hearing officer Jerry Paol, on January 7 of 2005.

3  The Plaintiff dispute each and every defense raised by the Defendant's in there special reports, and Affidavit of the Defendant. Affidavit of his assistant ms. Pamela Hadaway.

4  on february 5. of 2004. the Plaintiff was Parole form Bullock corrections center. due to credibility based on completion of substance abuse Program, and were given or Granted. early Paroles. Presently reside (home Plan) with ms Jennie Ruth Satterwhite 1147 county Road 168 Lafayette Alabama. 36862. under the supervision of Parole Officer ms. Ann Gault see Exhibit (7) Paroles interoffice communication. (date) January 30 of 2004, • • • and Exhibit 6 Paroles conditions.

2

On the United States District court
for the middle District of Alabama
Eastern Division

mr. Jessie Lee Satterwhite, Pro-se
          Plaintiff's
            vs.
mr. matthew w. Gogne et. al.

case number
3:06- CV-219-MTH-CSC

## Affidavit of mr. Jessie Lee Satterwhite

Before me A notary Public in for the States of Alabama at
large Personally appear one Jessie Lee Satterwhite, I am
who after being first duly sworn under oath did depose
and say. my name is Jessie Lee Satterwhite, I am over
the age of 19 and able to give testimony in any court of
law. I also have Personal Knowledge of the facts that
is stated in this Affidavit.

On about february 5, of 2004, the Plaintiff were released
on Parole from Bullock corrections facility, resid in
chamber court Alabama. Present address: and (home Plan),
with his (mother) Johnnie Ruth Satterwhite, 1147 county Road
168 Lafayette Alabama 36862. Present telephone number (334)
(864-5151), Plaintiff sister Phone number. Dorthy Ruth
Satterwhite, who live in Lafayette Alabama (city).
the Plaintiff was under the supervision of mo - Ann W. Gault,
and her Assistant were Pamela Hadaway. Officer Demetrius
Dowell, the defendant Gogne's were not Present as
A Paroles official in chamber county, at the above date.

exhibit (i)

on August 4 of 2004. the Plaintiff reported to his Parole Official matthew Gogne. due to his monthly report. as directed by the defendant Gogne, no contact with the Police, no warrants or any felony charges for any suspect of any crime.

Thereafter: August 10, of 2004. six days later the defendant assistant Pomela Hadaway, call (by telephone), to Plaintiff sister Dorthy Ruth. Satterwhite requesting for the Plaintiff Jessie Satterwhite, to report to his Paroles Officail defendant matthew Gogne. the Plaintiff reported as instructed. thereafter: the Plaintiff and mr. Eddie warren, arrive at the offices. the Plaintiff went inside the office approximately 10:45 A.M. mr. Pomela Hadaway. was setting in a chair in between her account desks. the Plaintiff stated: mr "Pom"   I'm Jessie Satterwhite, my sister Dorthy Ruth Satterwhite, said that you call her house asking me to report. ms. Pamela Hadaway reply: "Yes" mrs. Gogne. need to see you "Jessie": I asked "what for":   ms. Hadaway stated: mr. Gogne. is in Court. have a seat. the Plaintiff set-down in a chair on the left-side of the walls in front of ms. Hadaway account-desks. with back-turn to the wall that seperate the waiting room area from the defendant Gogne offices. the Plaintiff sited in the present of ms. Pomela Hadaway,   approximately 15 minutes after 11 o'clock A.M. (one half of an hour). in the waiting room area waiting on the defendant Gogne.

Approximately 11:30 A.M. the Plaintiff got-up out of the chair and walked to the front-door that exit the office building. ms. Hadaway stated; mr. Satterwhite dont you leave, because mr. Gogne need to see you.

The Plaintiff reply: can I come-back later on, because I have Eddie warren out-side waiting on me. ms. Hadaway stated: mr Gogne need to see you today.   the Plaintiff stated: I am going to tell mr. warren that mr. Gogne is not here yet. ms. Hadaway reply: dont you leave.

The Plaintiff exist the front door of the waiting room office, and walked about 20 to 30 feets to mr. Eddie warren truck, advice mr. warren that defendant Gagne, was not in his office. Yet. mr. warren stated: if he (defendant) lock you up call me; and mr. warren drove-off in his truck. the Plaintiff walked back inside the office waiting room in the Persent of ms. Pamela Hadaway. and set-down in some chair.

Approximately 25 minutes til 12:00 O'clock A.M. ms. Hadaway, call defendant Gagne (by telephone). and advising him that Jessie Satterwhit. was in the waiting room. see Exhibit (2). Affidavit of ms. Pamela Hadaway. dated on 5 of April 2006.

Thereafter: about 20 minutes til 12:00 O'clock. defendant Gagne, enter the office through the front door of the waiting room. see defendant Gagne sworn affidavit Exhibit (1). also Exhibit (2) affidavit of defendant Assistont ms. Pamela

The Plaintiff was setting in the waiting room, on the left side wall, in a chair facing ms. Hadaway. looking at this wall-clock hanging behind ms Hadaway. and her account desk when the defendant Gagne enter the office building waiting room. the defendant walked right-by the Plaintiff with a brown Paper Back folder in his right hand. The defendant, Gagne, Put the folder down on the left side of ms. Hadaway. account desk. and removed his Jacket and hung it up on a stand in the waiting room, in the Persent of Plaintiff, ms Hadaway. mr. Demetrius Dowdell. Approximately 15 til 12:00 O'clock A.M. the defendant walk-by the Plaintiff, and went : . . in his office room. approximately 13 minutes til 12:00 O'clock A.M. the defendant come to his office door. and stated Jessie Satterwhite come in. and went back in his office. the Plaintiff gotten up out the chair and went in

the office the defendant had his hand-cuffs in his right hand, and his Gun unstraped in its hoster. the defendant stated: mr Satterwhite, turn around and put your hands up on the wall. the Plaintiff turn around and put both hands on the walls. the Plaintiff asked the defendant what's going on. the defendant stated: I have a warrant for your arrest. the Plaintiff reply: show me the warrant of arrest. the defendant Grasp Plaintiff left hand from the wall excessive snatching it off the wall and hand cuffed it.

The Plaintiff stated: to the defendant. what have I done? the defendant reply: you have violated your Parole. I have a felonly for your arrest. the Plaintiff stated: to the defendant. show me the warrant of arrest with my name on it. mr. Gagne. you have no rights to arrest me without Just cause law. without A warrant

of arrest with probable cause. Instead Defendant Gagne had the plaintiff refuse to move his right hand off the wall to be restraint without A warrant of arrest with plaintiff name on it.

The plaintiff turn his body and head around to the left and stated to the Defendant Gagne, show me the warrant of arrest with Jessie Lee Satterwhite on it. Defendant Gagne stated: I said put your hand behind your back "Jessie." the plaintiff stated: Mr. Gagne I am Jessie Satterwhite. You have no right to arrest me without probable cause. I will file A civil complaint against you. At that point defendant Gagne become very aggression and physical using his right four arm exercise forcing it into the plaintiff left side upper ribs . . . . . . . . . . forcing the plaintiff up against the right wall of his office. Grabbing plaintiff right hand exercise from the wall. Rotating it backward behind plaintiff back and placing handcuff on his right hand.

The defendant remove plaintiff off the wall place him in a chair in front of his office desk with his hand cuff behind his back.

The defendant went around his desk and set down in a chair, on the defendant office desk was a brown paper folder, defendant open the folder, it was a large picture of Jessie zachery on the left side of the folder when he open it. Defendant didn't realize he had arrest Jessie Satterwhite instead of Jessie Zachery until the plaintiff . . . . . . . looked at the picture. stated: Mr. Gagne: that not me, it's Jessie Zachery on that picture. at that point defendant Gagne picked up the brown paper folder with A sad look on his face, and and saw that it Jessie Zachery . . . . . . . . A black male Brown skined 5'9 and 150 lbs. whom he had a warrant for Parole violation. not Jessie Satterwhite, a Black male Dark-skined 5'11 and 174 lbs.

The defendant stated: to the plaintiff's I owe you One. The plaintiff reply: Mr. Gagne, you injury my left side ribs, and my right arm, and shoulder, low-part of my back, illegal falsely arrested me. And assaulted, me for Jessie Zackery, I will file a civil complaint against you for violating my Constitutions rights.

The defendant stated: if you wish to file a complaint, do that: tell me where jessie zackery living at. The plaintiff reply: I am not like that telling. The defendant stated: If you tell Jessie Zackery I have a warrant for his arrest. I will have parole-Violated, and you will never get-out of prison until you do all of your time, Then the defendant remove the hand-cuffs off of the plaintiff hands.

The plaintiff walked out of the defendant office in the waiting room where Mr. Demetrius Dowdell was standing and assistant Pamela Hadaway was setting in her chair between her accout desk, Ms. Pamela Hadaway asked what happen? The plaintiff stated: Mr. Gagne arrested me for Jessie Zackery. Mr. Dowell shaked his head the plaintiff stated: my Heart is beating real fast, my blood pressure is very high and the plaintiff walk-out of the office.

Signed this the 12 day of July 2006.

Jessie Satterwhite    AIS # 131288
Plaintiff's Name


Sworn to and subscribed Before me Monica Gree
Notary Public at Large
in and for Escambia county, Alabama

The Plaintiff's was illegally falsely arrested due to the Defendant arrested him for another Parolee named. Jessie Zachery, a Black male, Brown skin 5'9" and 150 lbs. who the Defendant had a valid warrant of arrest for a felony crime, mistaken and arrest another Person for a crime or restrain another person, constitution illegally falsely arrest.

The Defendant failure to Provide by Alabama code section 15-5-4, section 15-22-31(A) and (B) before he arrest the Plaintiff. — failure to Provide by Alabama code section 15-22-27 section 15-22-73, section 15-22-76.

The Defendant failure to meet the requirement of the 4, 5, and 14 Amendment rights, because the the Plaintiff was restrained without Jeest cause of law. -

The 8, Amendment was violated when the Defendant use exercises forces to restrain him for another individal named Jessie Zachery, serious injurious him.

The Plaintiff arrested on a void warrant of arrest, because the warrant void on it face of its deeds, and Plaintiff was not the Parolee named in the arrest warrant on August 10 of 2004.

# Code of Alabama
## Paroles Statutes

Alabama code section 15-22-31(A)(B). A states:

violation of Parolee and arrest of Parolee: if the Parole officer having of Paroled Prisoner or any member of the board of Pardons and Paroles shall have reasonable cause to believe that such Prisoner has lapsed or is Probably about to lapse, into criminal way or company or has Violated the condition of his Parole. in an important respect. such officer or board member. shall report such fact to Department of corrections: which shall thereupon issue a warrant for the retaking of such Prisoner and his return to the Prison designated.

Alabama code section 15-22-31 (B) states: any Parole officer. Police officer, sheriff. or other officer, with the Power of arrest upon the request of the Parole officer. may arrest without a warrant. but in case of an arrest. without a warrant. the arresting officer shall have a written statement by said Parole setting forth that Parolee has in his Judgment.

Violated the condition of Parole, in which case such statement be sufficient warrant for the detention of said Parolee is in the county Jail, or other appropriate Place of detention until the warrant issued by the Department of correction has received at the Place, of his detention,    Provided, however, that in no case shall a Parolee be held longer than 20 days on the

the order of the Parole officer awaiting the arrival of
the warrant as Provided for in this section is
22-31 (A), (B).

## State Law claims
## Legal Argument

1. The Plaintiff State law claims Kidnapping. because the Defendant restrained Plaintiff against his will and confined Plaintiff in his officer unlawfully intentionally confined Plaintiff. Constitution a crime of Kidnapping.

in Boud v State 715 so 2d. 825 1997 Ala crim APP 1997. stated A Person is restrained when his movement are nonconsensually unlawfully intentionally by removing him to another Place or confining him. Duncan 827 so 2d 861 (1999) Al, crim APP. Ledio 23.

in T.R.D. V. States 673 so 2d. 838,(1995) AlA. crim APP. states athough a Victim may Volumlarily enter the Place where she or he is later restrained against the crime still constitution Kidnapping

2. The Plaintiff State law claims Assault. because he was subject to cruel and unusal Punishment inflicted by the defendant without Just cause of law. rights arm. upper Part of his left ribs and low-back.

## Argument

The Defendant failure to obtain the warrant of arrest to support Probable cause to arrest the Plaintiff as required by the United States constitution and the constitution of Alabama 1901 Article I section 5, as stated herein:

unreasonable Search and Seizures, the rights of the People . . . to secure in there Persons, home and Possessions from . . . . unreasonable seizure or searches, and no warrant "shall not" issue to search any Place or thing without Probable cause supported by oath or affirmation.

The 4-Amendment the right of the People to be secure in their Person, home, Papers, and effects, against unreasonable searches and seizures, shall not be violated and warrants shall issue, but upon Probable cause, supported by oath or affirmation, and Particularly describing the Place to be searched and the Persons or things to be seized.

The 5-Amendment right, no Person shall be held to answer for a capital, or otherwise infamous crime, unless no a Presentment of indictment of a Grand Jury, except in cases arising in the land or naval forces or in the militia, when in actual service of war or Public danger, nor shall any Person be

subject for the some offense to be twice Put in jeopardy of life or limb: nor shall be compelled in ony criminal case to be a witness asaist himself nor be deprived of life liberty or Property, without due Process of law. nor shall Private Property be taken for Public use without Just compensation.

The 6-Amendment right - in all criminal Prosecution, the accused shall enjoy the right to a speedy and Public trial, by on impartial jury of the states and district wherein the crime shall been committed, which district shall have been Previously ascertained; by law, and to be informed of the nature and cause of the accusation: to be confronted with the witnesses against him; to have compultsory Process for abtaining witnesses in his favor, and to have the assistance of counsel for his defence.

The 8 Amendment right - Excessive bail shall not be required. nor excessive fines imposed, nor cruel and unusual Punishments inflicted.

The 14. Amendment Right - All Persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States, and the State wherein they reside. No State shall make or enforce any law which shall abridge the Privileges or immunities of citizens of the United States: nor shall any State deprive any Person of life liberty, or Property, without due Process of law: nor deny any Person within its Jurisdiction the equal Protection of laws.

The first ten amendment to the constitution, known as "A Bill of Rights" were adopted by the first congress, called to meet in New York City, March 4, 1789. They were later ratified by the various States, and on December 15, 1791, were made a Part of the constitution.

Article VI section (2) of the United States constitution states: this constitution and all the laws of the United States which shall be made in Pursuance thereof, and all treaties made, or which shall be made under the Authority of the United States, shall be the Supreme law of the land and the Judges. in every State shall be bound thereof, anything in the constitutions or laws of any States to the contrary not with..standing.

The United States constitution Article VI (3) States; the senators and representatives before mentioned of several state legistatures, and all executives and Judicial offices. bound by oath or Affirmation to support this constitution.

Article XVI section 279 of the constitution of Alabama 1901 States: " Required of members of legislature and executitive and Judicial office, form; administration states: "All" member of the legislature, and "all" officers, executive and Judicial, before they enter upon the execution of the duties of their respective office, "shall" take the following oath or affirmation:

I ... solemnly swear ( or affirm as the case my be) that I will support the constitution of the united States, and the constitution of the State of Alabama, so long as I continue a citizen thereof; and that I will faithfully and honestly discharge the duties of the office upon which I am about to enter, to the best of my ability, so help me God".

In mooney V Holohan, the united Supreme court stated: "State courts equally with federal court's, are unde on obligation to guard and enforce ever rights secured by the federal constitution".

The fifth Amendment of the united States constitution states: " No Person shall be held to answer for a capital, or other-wise infamous crime, unless on a Presentment or indictment of a .... Grand Jury, except in cases arising in the land or naval forces, or in the militia, which in actual service in time of war or Public danger; nor shall any Person be subject for the same offense to be twice Put in Jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor deprived of life liberty or Property, without due Process of law: nor shall Private Property be taken for Public use without Just compensation:

The fourteenth Amendment of the united States constitution states: "All" Persons born or naturalized in the united states and subject to the Jurisdiction thereof, are citizens of the united States and of the State wherein they reside. no State shall make or enforce any laws which shall abridge the Privilege or immunities of citizens of the united States; nor shall any State deprive any Person of life, Liberty, without due Process of law, nor deny to any Person within its Jurisdiction the equal Protection of laws.

The sixth Amendment of the united State constitution states: "in all criminal Prosecutions, the accused shall enjoy the rights to a speedy and Public trial, by an impartial Jury of the State and district wherein the crime shall have been committed, . . . . which district shall have been Previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him: to have compulsory Process for obtaining witness in his favor and to have the assistance of counsel for his defense";

in Lee V Florida 20 L E D 2d, 11 66, united States supreme court states: "under our constitution no court, State or federal, may serve as an accomplice in the willful transgression of the laws of the united States laws by which the Judges in every State are bound":

in Barker V wingo, 33 L. ed 2d 101, the united States Supreme court States: "A waiver of a constitution right has to be an intentional relinquishment or abandonment of A known right or Privilege. courts should indulge every reasonable Presumption against waiver and they

should not presume acaiiescence in the loss of fundamental rights. Presuming waiver from a silent record impermissible. the record must show, or there must be on allegation and evidence which shows, that on accused was offered counsel, but intelligently and understandably rejected the offer. anything less in not a waive of other rights desioned to Protect the accused.

et is disputed that the Defendant detention or restrained the Plaintiff's due to a mistake him for the identity of another Parolee named Jessie Zachery. a Black male brown skined 5'9" and 150 lbs. because the Plaintiff is 5'11" and 174 lbs. Black male Dark-skined. on August 4. of 2004. the Plaintiff reported due to his monthly resort, and a reports was taken by ms Hadaway, no arrests    no warrant for any suspect for any crimes. and conditions under which Plaintiff Parole due to be violated. no arrest was made.

furthermore: the Defendant Gagne reviewed the resort and Plaintiff on the same above date. thereafter; six days later on August 10 of 2004. Pamela Hadaway stated; in her Affidavit. sworn to and subscribed before michele mitchom. on April 5 of 2006.. under oaths. that Jessie Satterwhite reported to     Lafayette Parole office, but failure to states; that she call Plaintiff sister house by Phone and asked direct for Jessie Satterwhite. by name.. and call the defendant by telephone and advising that Jessie Satterwhite ... was in... the offices. about 5 minutes later, the defendant Gagne walkin the office. the Plaintiff setting in a chair in the waiting room.. the Defendant went in his office for about three minutes and call Plaintiff by name, Jessie Satterwhite come in his office. the defendant stated; he had a felony warrant for Jessie Zachery a Black male 5-9 and 150 lbs. the defentand advising the Plaintiff to turn and Put his hands on the walls, the defendant hand cuff's Plaintiff left hands. the Plaintiff ask defendant Gagne what's going on. the Defendant stated I have warrant for your arrest.

The Defendant argue that they are entitled to to qualified immunity. see the Defendant special report file by the Defendant.

That — argue must fall. when a Public official raises a defense of immunity. the Plaintiff must initially make a twofold showing. first the Plaintiff show that the Public official's alleged conduct violated the law, second the Plaintiff must show that the law was clearly established when the alleged violation occurred. Hinton vs. City of Elwood, Kan 997 f. 2d. 774. 779 (1993) quoting Pueblo Neighborhood Health center vs. Losavio, 847 f. 2d. 642, 646, (1988). the Plaintiff burden cannot be met merely by identifying in the abstract a clearly . . . established right and then alleging that the defendant violation. Longley vs Adams county, colo, 987 f. 2d. 1473, 1474 (1993), to satify his burden . . . Plaintiff must make a Particularized showing . . . the contours of the right must be sufficiently clear that a reasonable officer's would understand that what he is doing violates that right.

The Presence or absence of immunity is a question of law, Longley, 987 f. 2d. at 2479. which should be resolved at the earliest Possible stage in litigation. Plaintiff dispute that defendant. Gagne mistook him identity, for onethe Parolee named Jessie Zachery. a Black male 5" 9" and 150 lbs. and arrest Plaintiff and assault and Kidnap (him). Jessie lateruwhite a Black male 5'11" and 174 lbs.

. 21 .

## CLAIMS FOR RELIEF

Mr. Jessie Lee Satterwhite, herein referred to as the plaintiff's complaint of the defendant, and for cause of action alleges as following: on about August, 10-2004. plaintiff....reported to his paroles supervisor Matthew W. Gagne, as instructed by the defendant, plaintiff was assualt and illegaly falsely arrested , and detained by the defendant Gagne.

plaintiff alleges that this action by the defendant Gagne's, violated his 4,5,8, and 14 Amendment Rights, which guarantees to the plaintiff, by the U.S. constitution and the constitutional of Alabama 1901, Articles 1. section 5.   Further: this action by the defendant was internationally or wantonly inflicted, because there was N/O purpose to inflict the injurious or omitted to be done. the action by the defendant was done with malice aforethouth and wanton with disregaed for rights of plaintiff, because of the assault ( due to a illegaly falsely arrest and restraint) by the defendant Gagne's.

plaintiff had to receive medical attention as the plaintitt was subject to cruel and unusal punishment infflicted by the defendant, without just cause of law. causeing serious bodys injurious to the plaintiff right-arm, upper joint of the foreleg and adjacent parts of the anmal, and the left-side upper part of ribs, and lower part of his back.

the plaintiff are now still suffreing pains from the injurious cause by defendant.

plaintiff also seeking mecical attention for the injurious at Baptist Health Care Atmore Commuinty Hospital Atmore Alabama, due to a x-ray on 1-10-2006.

plaintiff's alleges that the defendant know or should have known that his omission of acts were violating the rights secured to plaintiff by the U.S. Constitution and the Constitutional of Alabama 1901, Articles 1 section 5, a direct violation of plaintiff 4,5,8, and 14 Amendment Rights.

CONCLUSION

Therefore: the form or made proceeding in the court of justice for
the enforcement of rights, or to redress of wrong as distinguished
from the substantive laws which give rights or denounces the wrong.
The form manner oredr Order of instituing and conduction an action
or others judicial proceeding through its successive stages to its
end, in accordance with the rules and principles laid-down by laws,
or by the regulation and preceding of the courts.

Therefore: the term applies as well to the conduct of criminal, as
to the peace and dignity of the Sa State of Alabama. and as to a
civil action to proceeding equity as well to laws, and to defense
as well as to the prosecution of any proceeding. it is the constitu-
tionally duty of this Court is available for the delivery of justice
with process of laws.

Absent adequate and reasonable judicial resources, that the Poor...
BLACK AFRICAN OF AMERICA and the Poor WHITES OF AMERICA OR of this
States denied of their Constitutional Rights; as required by Art 1
section 5 of Alabama Constitutions 1901. and Amendment 4,5,8, and
14, and Articles 1 section 6 and section 13 by guanranteeing the due
process Rights of a citizens, and Articles 1 section 10, by holding
inviolating of a person to defend-himself in a civil or criminal
conduct. and the Rights to effective assistance of a counselor to
represent.

Further:"HOW";the defendant Gagne's seeks to justify an illegal falsely
arrests and assault, kidnaping, under legal authority of laws?
However: The burden of proof is upon the defendant GAGNE:
TO establish legal process for doing so.

## Verification under oath

I hereby state under the Penalty of Perjury that the foregoing is true and correct. best of my

Date this 2-4 day of July 2006.

Jessie Lee Satterwhite #131288
Plaintiff's

## certificate of Service

I hereby certify that I have, this the 25 of July 2006. served a copy of the foregoing upon the Def and Attorney by Placing some in the United State mail. Postage Prepaid and Properly addressed as follow:

office of the Attorney General Cheaira M Porter. 11 South Union Street montgomery, AlA, 36130.

## Exhibit

Exhibit 1 Affidavit of Jessie Sallerwhite

Exhibit 2 Report of Parole Violation

Exhibit 7 State Board of Pardons + Paroles. interoffice communication.

Exhibit -(B) A Hand Graphic Phelographs of defendant office's

Exhibit -(C) A Hand Graphic Phelographs of the Plaintiff and Defendant setting at the defendant office Desk.

Exhibit (A) A Radiologist Bill from Baptist Health care.

Exhibit 6 Parole Statement condition.